IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MICHAEL JIMENEZ, #873142 | § | |
| VS. | § | CIVIL ACTION NO. 9:12cv35 |
| CODY GINSEL, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER DENYING DEFAULT JUDGMENT

Plaintiff Michael Jimenez, a prisoner confined at the Gib Lewis Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

On May 18, 2012, Plaintiff filed a motion for entry of default (docket entry #22) because the Defendants purportedly had not timely filed an answer. Rule 55(a) of the Federal Rules of Civil Procedure provides for default judgments as follows:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

The entry of a default judgment is committed to the sound discretion of the district court. *Settlement Funding, LLC v. TransAmerica Occidental Life Ins.* Co., 555 F.3d 422, 424 (5th Cir. 2009); *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). As a general rule, defaults are not favored. *See Rogers v. Hartford Life and Acc. Ins.* Co., 167 F.3d 933, 936 (5th Cir. 1999); *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992). The Fifth Circuit has held that a "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*,

1

75 F.3d 207, 212 (5th Cir. 1996). In fact, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989). In cases where default has been entered, the Court may set aside the entry of default on a showing of good cause. Fed. R. Civ. P. 55(c). With good cause being mistakes, inadvertence, excusable neglect, newly discovered evidence or fraud. *See Whitman v. United States Lines, Inc.*, 88 F.R.D. 528, 530 (E.D. Tex. 1980).

In the present case, the Court issued an Order to Answer on April 10, 2012. The Court received an acknowledgment indicating that the Office of the Texas Attorney General received the order on April 19, 2012. An answer was due thirty days later. The answer was timely filed on May 16, 2012. As such, there is no factual basis to the present motion. It is accordingly

**ORDERED** that the motion for entry of default (docket entry #22) is **DENIED**.

So **ORDERED** and **SIGNED** this **23** day of **May, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE